WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Subpoenas for Deposition Testimony of<br>Dr. Bruce Bethancourt and<br>Dr. Petr Ruzicka. | No. MC-23-00038-PHX-JJT<br><br>**ORDER** |

    At issue is Movants Banner Health ("Banner"), Dr. Bruce Bethancourt and Dr. Petr Ruzicka's Motion to Quash Deposition Subpoenas (Doc. 1, Mot.), to which Respondent IHC Health Services, Inc. ("IHC") filed a Response (Doc. 5, Resp.), and Movants filed a Reply (Doc. 6, Reply). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument, neither party having requested it in any event. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants Movants' motion.

**I.     BACKGROUND**

    Movants brought their Motion to quash subpoenas that were served on Dr. Bethancourt and Dr. Ruzicka in connection with the case of *Rodney Schmelzer v. IHC Health Services, Inc.*, Case No. 2:19-CV-00965-TS-JCB, which is currently before the United States District Court for the District of Utah, Central Division. In their Motion, Movants allege the following facts.

    Dr. Rodney Schmelzer, the plaintiff in the underlying case, worked for Banner Health as a pediatric plastic surgeon from August 2009 to September 2011, when he was terminated. In June 2012, Dr. Schmelzer sued Banner for retaliation under the False Claims Act. During that time, Dr. Bethancourt was the Chief Medical Officer of a division of

Banner and Dr. Ruzicka was the Chief of Pediatric Neurosurgery at a Banner facility. Dr. Bethancourt left his employment at Banner in 2012, and Dr. Ruzicka states that he has not had privileges or administrative responsibilities at Banner in "many years."

Following Dr. Schmelzer's employment with Banner, he moved to Salt Lake City, Utah and had privileges at a hospital owned by IHC. Dr. Schmelzer's privileges were revoked by IHC in 2019, following which Dr. Schmelzer sued IHC. Dr. Schmelzer alleges that IHC revoked his privileges in retaliation for him reporting that IHC was violating the False Claims Act.

On April 13, 2021, IHC served a subpoena on Banner seeking documents related to Dr. Schmelzer's employment at Banner. Banner produced thousands of documents for IHC, including Dr. Schmelzer's personnel file and non-privileged documents related to Dr. Schmelzer's litigation against Banner. The provided documents included transcripts of depositions given by Dr. Bethancourt and Dr. Ruzicka.

In June 2023, IHC asked for depositions of several former Banner employees, including Dr. Bethancourt and Dr. Ruzicka. IHC stated that the reasons for the subpoenas were to obtain testimony of "Schmelzer's pattern of behavioral, clinical, and improper access problems." IHC served Dr. Bethancourt and Dr. Ruzicka with subpoenas in August 2023. The fact discovery period for Dr. Schmelzer's case against IHC is set to close on December 1, 2023.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure allow a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Parties have the ability to seek the production of relevant, non-privileged documents from non-parties through a subpoena issued in accordance with Rule 45 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(c). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A court

may quash or modify a subpoena when a timely motion is filed and the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

Non-parties are entitled to special consideration when it comes to subpoena requests under Rule 45. *See, e.g.*, *Dart Industries Co., Inc. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980). Restrictions on discovery "may be broader when a nonparty is the target of discovery." *Id*. "The proper way to afford this special consideration is to 'weigh the burden to the subpoenaed party against the value of the information to the serving party. Generally, this requires consideration of relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed.'" *Aquastar Pool Prods. Inc. v. Paramount Pool & Spa Sys.*, No. CV-19-00257-PHX-DWL, 2019 WL 250429, \*3 (D. Ariz. Jan. 16, 2019) (quoting *Soto v. Castlerock Farming & Transport, Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012)). The court may consider whether the information requested through a non-party subpoena is readily available from another party. *See, e.g.*, *Duong v. Groundhog Enterprises, Inc.*, 2020 WL 2041939, \*7 (C.D. Cal. Feb. 28, 2020). The party seeking to quash the subpoena bears the burden of showing that it creates an undue burden. *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966).

### III.   ANALYSIS

Movants have met their burden of showing that the subpoenas served by IHC would create undue hardship for Dr. Bethancourt and Dr. Ruzicka. First, Movants have presented compelling arguments that IHC can obtain the information it seeks via the deposition records Banner provided from its own litigation with Dr. Schmelzer. IHC does not address why the transcripts of Dr. Bethancourt and Dr. Ruzicka's depositions are not sufficient in this case. If anything, the deposition transcripts are likely to be more reliable than current testimony because Dr. Bethancourt and Dr. Ruzicka are now twelve years removed from working with Dr. Schmelzer and his Banner lawsuit.

IHC argues that the documents produced by Banner "cannot replace the witness testimony of Dr. Ruzicka and Dr. Bethancourt." (Resp. at 16.) However, IHC also

acknowledges that they are "seeking deposition testimony of individual witnesses regarding what they observed and recall about their own interactions with Schmelzer." (Resp. at 17.) IHC does not explain why that information cannot be gained from the deposition transcripts of Dr. Bethancourt and Dr. Ruzicka. IHC seeks information related to Dr. Schmelzer's conduct at Banner, and the depositions were taken specifically for, and concurrent with, litigation Schmelzer brought against Banner that was related to his conduct.

The Court finds the potential value of the new depositions is outweighed by the burdens they create. The benefits created by the depositions are minimal. As previously discussed, IHC already has the deposition transcripts of Dr. Bethancourt and Dr. Ruzicka. Those deposition transcripts are likely to be more comprehensive and detailed than any new deposition given by the Doctors, considering that twelve years have passed since the Banner litigation. Moreover, Dr. Bethancourt and Dr. Ruzicka suggest that they have little memory of the events surrounding the Banner litigation, which is reasonable given the time since the litigation. Also, the present subpoenas were served in connection with a different lawsuit brought by Dr. Schmelzer against a different hospital. Dr. Bethancourt and Dr. Ruzicka will only be able to provide information on the Banner litigation, not the current claim against IHC. The Court also acknowledges that the depositions will create specific burdens for Dr. Bethancourt and Dr. Ruzicka, including that Dr. Ruzicka is currently suffering from serious health issues. The benefits provided do not outweigh the burdens imposed by the subpoenas. Therefore, the Court will quash the subpoenas under Rule 45(d)(3).

**IT IS THEREFORE ORDERED** granting Movants Banner Health, Dr. Bruce Bethancourt, and Dr. Ruzicka's Motion to Quash Deposition Subpoenas (Doc. 1) and quashing the subpoenas served on Dr. Bethancourt and Dr. Ruzicka.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 31st day of October, 2023.

Honorable John J. Tuchi
United States District Judge